IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LEE HICKS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0095 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Robert Lee Hicks, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2012 conviction and twenty-year sentence for possession of cocaine. Respondent has filed a motion to dismiss based on expiration of limitations (Docket Entry No. 13), to which petitioner has filed a response (Docket Entry No. 15).

Having considered the motion, the response, the pleadings, the record, and the applicable law, the Court GRANTS the motion to dismiss and dismisses this lawsuit as barred by limitations.

*Background and Claims*

A jury found petitioner guilty of possession of cocaine and, after finding two enhancements true, assessed punishment at twenty-years' imprisonment. The conviction was affirmed on appeal, *Hicks v. State*, No. 01-12-00641-CR, 2014 WL 50808 (Tex. App. [1st Dist.] Jan. 7, 2014, pet. ref'd), and his petition for discretionary review was refused on April 30, 2014.

Petitioner filed an application for state habeas relief with the trial court on July 7, 2014. The Texas Court of Criminal Appeals denied the application of October 1, 2014. Petitioner filed a second application for state habeas relief on May 21, 2015, but it was dismissed as an abuse of the writ on May 4, 2016.

Petitioner filed the instant federal habeas petition no earlier than December 30, 2016, raising the following claims for relief:

(1) The trial court erred in overruling his verbal motion to elect jury sentencing.

(2) The trial court erred in refusing to allow him to seek new counsel.

(3) The trial court erred in denying his motion to appoint a private investigator.

(4) The trial court erred in failing to rule on his motions.

Respondent argues that these claims should be dismissed as untimely.

*Analysis*

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

2

> of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l), (2).

The Texas Court of Criminal Appeals refused discretionary review on April 30, 2014, and petitioner's conviction became final for purposes of AEDPA on July 29, 2014, when the time for filing a petition for certiorari with the United States Supreme Court expired. *See* SUP. CT. R. 13.1. Thus, the one-year AEDPA limitation expired on July 29, 2015, unless petitioner tolled limitations with a properly filed application for state habeas relief prior to that date. 28 U.S.C. § 2244(d)(2).

Petitioner's first application for state habeas relief was filed on July 7, 2014, and was denied on October 1, 2014. The state application was pending for eighty-six days, and extended petitioner's deadline for filing his federal habeas petition to October 23, 2015. Petitioner's second application for state habeas relief, filed on May 21, 2015 and denied on May 4, 2016, extended the deadline for another three hundred forty-nine days, and

3

petitioner's federal habeas relief became due October 6, 2016. The instant federal petition, filed no earlier than December 30, 2016, is untimely.

Petitioner states in his response that he is entitled to equitable tolling due to the following events: August 27, 2015 (confiscation of his legal materials during prison shakedown); June 1, 2016 (fell down flight of stairs due to crutches and leg brace); June 20–23, 2016 (hospitalization); June 27, 2016 (taken to prison infirmary following a fall); June 29, 2016 (seizure caused his "vision to abruptly stop working"); July 10, 2016 (tripped and hit head). Petitioner argues that he used only 353 days of the 365-day limitation, and that his deadline was actually January 11, 2017. He does not explain how he arrived at that date.

To the extent petitioner claims that his federal petition was due January 11, 2017, and not October 6, 2016, he is incorrect. The Court set forth the proper calculation of petitioner's filing deadline above.

To the extent petitioner claims he is entitled to equitable tolling, he fails to set forth relevant facts supporting his claim. A habeas petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Equitable tolling is not available to "those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner contends that the events he listed constitute "extraordinary circumstances." Even if this Court were to agree, petitioner does not satisfy the remaining factors for

equitable tolling. Petitioner fails to demonstrate that he had been pursuing his rights diligently, and that the alleged extraordinary circumstances prevented his timely filing of the instant petition. Indeed, petitioner sets forth no facts whatsoever as to what actions he took to diligently pursue his rights. Moreover, petitioner's list of events covers, at most, the months of June and July, 2016. Petitioner's federal petition was not due until October 6, 2016, and petitioner does not demonstrate how any of these events stood in his way and prevented his timely filing as to that deadline.

Petitioner's federal habeas petition is untimely, and respondent is entitled to dismissal of the petition as barred by limitations.

### *Conclusion*

Respondent's motion to dismiss (Docket Entry No. 13) is GRANTED and this case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on May 31, 2017.

                                    Gray H. Miller
                                    United States District Judge